**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **TALMADGE ALLEN BECKUM,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | **CASE NO:** |
| **MARTHA ANN COE, *et al.*,** | : | **1:26-cv-65—WLS** |
| | : | |
| **Defendants.** | : | |
| | : | |

# ORDER

On August 19, 2026, Defendants Terrell County, Georgia and Wilbur T. Gamble, III, in his individual capacity and official capacity as a member of the Terrell County Board of Commissioners (together, the "Moving Defendants") filed a Motion to Dismiss or, in the Alternative, for a More Definite Statement (Doc. 13) ("Motion"). Plaintiff Talmadge Allen Beckum filed this action *pro se*. The Court typically provides notice to *pro se* plaintiffs about how they may respond to a motion to dismiss. Hence, in an effort to ensure and afford Plaintiff adequate notice regarding the Motion to Dismiss (Doc. 13), the Court issues the instant Order. *See generally Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985) (per curiam).

When considering a motion to dismiss, the Court accepts as true all facts set forth in a plaintiff's complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *Twombly*, 550 U.S. at 556, Rule 41 of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs. Plaintiff may submit his argument to this Court by filing a brief, not exceeding 20 pages, in opposition to Moving Defendants' Motion. M.D. Ga. L.R. 7.4.

Furthermore, the Court's resolution of a motion to dismiss could result in granting judgment, and there would be no trial or further proceedings as to Moving Defendants.

As Plaintiff is proceeding *pro se*, the Court shall permit Plaintiff an opportunity to file a Response to Moving Defendants' Motion, if he so desires, within **twenty-one (21) days** of this Order or on or before **Friday, September 11, 2026**. Thereafter, the Court will consider Moving Defendants' Motion and any opposition to the same filed by Plaintiff and issue its ruling. Plaintiff is noticed that if Moving Defendants' Motion is granted, Plaintiff's Complaint may be dismissed as to Moving Defendants without further notice or proceeding.

Plaintiff is further noticed that upon a timely written motion for a reasonable time to obtain counsel, the Court will consider the same before addressing Moving Defendants' Motion. Otherwise, Plaintiff is entirely responsible for filing a timely response to Moving Defendants' Motion.

**SO ORDERED**, this 21st day of August 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**