**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **TALMADGE ALLEN BECKUM,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **CASE NO:** |
| **MARTHA ANN COE, *et al.*,** | : | **1:26-cv-65—WLS** |
| **Defendants.** | : | |

## ORDER

On September 30, 2026, Defendants Terrell County, Georgia, Martha Ann Coe, in her individual capacity, and Wilbur T. Gamble, III, in his individual capacity filed a Motion to Dismiss (Doc. 24) ("Motion to Dismiss"). Before the Court is Plaintiff's Motion for Appointment or Request of Counsel and, Alternatively, for a Reasonable Extension of Time to Obtain Counsel and Respond to Defendants' Motion to Dismiss (Doc. 27) ("Motion to Appoint"). For the reasons set forth below, the Motion to Appoint is **GRANTED IN PART and DENIED IN PART**.

### I. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff is seeking counsel to represent him in this action alleging § 1983 actions and state law claims against Defendants related to the seizure of Plaintiff's dogs. Plaintiff states he does need counsel. However, he has unsuccessfully contacted approximately 134 attorneys, law firms, or potential sources of legal representation in Atlanta, Macon, Valdosta, Columbus and Albany, Georgia, in an effort to obtain legal representation. Plaintiff further states that there are multiple procedural and substantive federal law issues raised in Defendant's Motion to Dismiss and the assistance of counsel will help sharpen those issues and aid in a just determination.

The decision to appoint counsel is within the discretion of the courts, and courts should appoint counsel only when the interests of justice or due process so require. *See United States v. Cain*, 827 F. App'x 915, 921 (11th Cir. 2020) (per curiam). Upon review of the Motion to

Appointment, that Plaintiff has failed to demonstrate that the interests of justice require the appointment of counsel. The Court finds that the lack of legal training does not warrant appointment of counsel. *See also Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (stating that there is no constitutional right to the appointment of counsel). The Court finds that the issues are not so complex that Plaintiff is demonstrably incapable of pursuing relief without the assistance of counsel.

## II. Motion for Extension of Time

Pursuant to the Court's Order (Doc. 25) providing Plaintiff with notice of the Motion to Dismiss, the Court notified Plaintiff that it would consider a timely written motion for a reasonable time to obtain counsel prior to the Court considering the Motion to Dismiss. The Court finds Plaintiff's request for an extension of time to response to the Motion to Dismiss to allow him to obtain counsel is well-taken, particularly where the Court invited Plaintiff to do so.

## III. Conclusion

Accordingly, Plaintiff's Motion to Appoint (Doc. 27) is **GRANTED IN PART and DENIED IN PART**. The Motion is **GRANTED** as to the request for an extension of time to seek to obtain counsel and to respond to the Motion to Dismiss. Accordingly, Plaintiff shall have until **Monday, November 9, 2026**, to obtain counsel and such counsel shall file a notice of appearance **on or before Monday, November 16, 2026**. Plaintiff's response to Defendant's Motion to Dismiss (Doc. 24) shall be filed **on or before Monday, December 7, 2026**. If no attorney makes an appearance on Plaintiff's behalf by the above-stated deadline, the Plaintiff shall be solely responsible for filing his response to the Defendant's Motion to Dismiss not later than **Monday, December 7, 2026**.

The Motion (Doc. 27) is **DENIED WITHOUT PREJUDICE** with respect to Plaintiff's request for appointment of counsel.

**SO ORDERED**, this 7th day of October 2026.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**